# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DONALD LEE KISSNER,

        Defendant-Appellant.

UNPUBLISHED
February 22, 2018

No.  335602
Shiawassee Circuit Court
LC No.  01-007380-FH

Before:  CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Defendant appeals by leave granted an order denying his motion to withdraw his guilty plea premised on a claim of ineffective assistance of counsel.[1]  We affirm.

In September 2000, the victim reported that a shotgun was stolen from his home. Subsequently, defendant was charged with first-degree home invasion, MCL 750.110a(2), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

In November 2001, defendant pleaded guilty to breaking and entering a building with intent to commit larceny, MCL 750.110, in exchange for the prosecution's dismissal of the first-degree home invasion and felony-firearm charges.  The prosecution also dismissed a charge of unlawfully driving away an automobile (UDAA), MCL 750.413, in another case.

As the factual basis for his guilty plea, defendant stated:  "I took a gun that I was not supposed to."  Again, defendant stated:  "I took a weapon that I was not supposed to, after entering his house."  Defendant clarified that he entered the victim's house, through a door that had been closed, without permission.  Defendant further explained that he took a shotgun from the victim's house and admitted that his purpose in entering the victim's house was to look for something to steal.  Defendant also stated that he intended to use the gun for hunting.  Thereafter, defense counsel and the prosecutor expressed satisfaction with the factual basis for the plea and agreed that the court complied with MCR 6.302.  Subsequently, defendant was sentenced to

---

[1] *People v Kissner*, unpublished order of the Court of Appeals, entered December 28, 2016 (Docket No. 335602).

probation for 18 months, with seven months to be served in jail. However, in June 2002, defendant pleaded guilty to violating his probation and was sentenced to 40 to 120 months' imprisonment.

In July 2012, defendant filed a motion for relief from judgment which the trial court denied. In October 2013, this Court denied defendant's delayed application for leave to appeal that order. *People v Kissner*, unpublished order of the Court of Appeals, entered October 29, 2013 (Docket No. 315188).

In October 2014, in lieu of granting defendant's application for leave to appeal, our Supreme Court remanded the case to the trial court for further proceedings because the trial court failed to advise defendant of his appellate rights at his original sentencing and at the sentencing following his probation violation. The Court ordered the trial court, upon remand, to properly advise defendant of his right to file an application for leave to appeal to this Court and any appropriate postconviction motions in the trial court, pursuant to the version of the court rules in effect at the time of his sentencing. The Court also noted that defendant was entitled to an attorney. *People v Kissner*, 497 Mich 873; 853 NW2d 380 (2014).

In April 2015, defendant filed a motion to withdraw his 2001 guilty plea pursuant to MCR 6.311. Defendant argued that his plea was involuntary and unknowing because he received ineffective assistance of counsel. Defendant claimed that he was not advised that he had a valid defense to the charge—his lack of specific intent to deprive the victim of the property when he entered the dwelling. In other words, he was not told that he could not be guilty if he had a good-faith belief that he had permission to take the shotgun or if he only had the intent to borrow the shotgun. According to defendant, if he had known this, he would have refused the plea offer and opted to go to trial. Defendant requested to withdraw his plea or, in the alternative, an evidentiary hearing. The trial court denied the motion and found that an evidentiary hearing was not necessary considering defendant's sworn testimony at the plea hearing.

In November 2016, defendant filed an application for leave to appeal with this Court, as well as a motion to remand. The application was granted, limited to the issues raised in the application and supporting brief, and the matter was remanded to the trial court for an evidentiary hearing on defendant's claim of ineffective assistance of counsel. The trial court was ordered to make findings of fact and a determination on the record. Jurisdiction was retained. *People v Kissner*, unpublished order of the Court of Appeals, entered December 28, 2016 (Docket No. 335602).

At the evidentiary hearing on remand, defendant's trial counsel, defendant, and defendant's mother testified. Following the hearing, the trial court rejected defendant's claim, finding that: defendant's testimony at the plea hearing undermined his argument that he had a valid defense, defendant's credibility was suspect, and trial counsel was not ineffective for advising defendant to plead guilty.

On appeal, defendant argues that he should be permitted to withdraw his guilty plea on the basis of ineffective assistance of counsel because his trial counsel failed to inform him that he

had a valid defense to the charges, failed to investigate, and threatened to withdraw as defendant's attorney if defendant did not accept the plea. We disagree.

Initially, we note that this Court granted leave to appeal limited to the issues raised in defendant's application and supporting brief. *Kissner*, unpublished order of the Court of Appeals, entered December 28, 2016 (Docket No. 335602). In his application, defendant only asserted that trial counsel was ineffective based on his failure to inform defendant that he had a valid defense to the charges. Thus, the additional claims raised in defendant's brief on appeal—that trial counsel failed to investigate and threatened to withdraw as defendant's attorney—are not properly before this Court and will not be considered.

This Court reviews a trial court's decision on a motion to withdraw a plea for an abuse for discretion. *People v Winters*, 320 Mich App 506, 508-509; 904 NW2d 899 (2017). "A trial court abuses its discretion when its decision results in 'an outcome falling outside the range of principled outcomes.' " *Id*. at 509 (citation omitted). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo." *People v Solloway*, 316 Mich App 174, 187-188; 891 NW2d 255 (2016) (citations omitted). "Further, if resolution of a disputed factual question turns on the credibility of witnesses or the weight of the evidence, we will defer to the trial court, which had a superior opportunity to evaluate these matters." *People v Sexton (After Remand)*, 461 Mich 746, 752; 609 NW2d 822 (2000).

Defendant filed his motion to withdraw his plea pursuant to MCR 6.311, which was in effect at the time of defendant's sentencing.[2] At that time, MCR 6.311 provided, in relevant part:

> **(A) Motion to Withdraw Plea.** The defendant may file a motion to withdraw the plea within the time for filing an application for leave to appeal. After the time for filing an application for leave to appeal, the defendant may seek relief in accordance with the procedure set forth in subchapter 6.500.

> **(B) Remedy.** If the trial court determines that there was an error in the plea proceedings that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. . . .

> **(C) Preservation of Issues.** A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter, or any other claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea

---

[2] MCR 6.311 was deleted by amendment pursuant to Supreme Court order entered July 13, 2005, effective January 1, 2006.

in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal.

In considering a motion to withdraw a plea under MCR 6.311(A), this Court stated in *People v Davidovich*, 238 Mich App 422, 425; 606 NW2d 387 (1999), aff'd 463 Mich 446 (2000):

> Generally, it is well established that there is no absolute right to withdraw a plea once the trial court has accepted it. If a defendant moves to withdraw a plea after sentencing, the decision whether to grant the motion falls within the trial court's discretion. We will not disturb the trial court's decision unless the court clearly abused its discretion, resulting in a miscarriage of justice. Further, "[t]o establish ineffective assistance of counsel in the context of a guilty plea, courts must determine whether the defendant tendered a plea voluntarily and understandingly." Defense counsel's advice does not need to be correct, but it must fall within the range of competence demanded of attorneys in criminal cases. [Citations omitted.]

To prevail on a claim of ineffective of assistance of counsel in the plea-bargaining process, a defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014) (quotation marks and citation omitted). With regard to the prejudice prong, "the defendant must show the outcome of the plea process would have been different with competent advice." *Id*. at 592 (quotation marks and citation omitted). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Id*.

Defendant argues that his plea was not knowing and voluntary because trial counsel failed to inform him that he had a valid defense to the charges. According to defendant, there was sufficient evidence that he did not have a felonious intent and trial counsel mistakenly believed that his intent was not relevant. Defendant asserts that if he had known that an intent to keep the shotgun was required, he would have rejected the plea offer and gone to trial.

In rejecting defendant's claim, the trial court found that defendant's acknowledgement at the plea hearing that he entered the victim's house without permission to find something to steal undermined his claim that he had a valid defense. The trial court also found that defendant's credibility was suspect because he raised this issue only after trial counsel testified against him on a charge of obstruction of justice, which itself involved a falsified affidavit. Although defendant testified at the evidentiary hearing that he told trial counsel that he was only borrowing the shotgun, the trial court found that defendant's testimony was not credible. We defer to the trial court's credibility determination. See *Sexton*, 461 Mich at 752.

Moreover, the trial court's findings are not clearly erroneous because defendant acknowledged at the plea hearing that he entered the home in order to find something to steal. Although he subsequently stated that he was going to use the shotgun for hunting, this statement explaining his purpose for using the gun did not negate his admission that he stole the shotgun.

The record also reflects that defendant raised this issue after trial counsel testified against him in another case. The trial court also found that trial counsel testified that defendant expressly told him that he intended to steal the shotgun. This finding is not clearly erroneous in light of trial counsel's testimony. Defendant argues that trial counsel's testimony was not credible because counsel did not correct defendant's testimony at the plea hearing that he was going to use the shotgun for hunting. Again, however, defendant had already admitted that he stole the shotgun, and trial counsel believed defendant was trying to minimize his culpability. Given the trial court's finding that defendant was not credible and that defendant told trial counsel that he intended to steal the shotgun, the trial court did not err by finding that trial counsel's advice that defendant plead guilty was objectively reasonable.

Defendant further argues that even if he told trial counsel that he intended to steal the shotgun, the disclosure was irrelevant to the issue whether defendant had a valid defense. According to defendant, trial counsel could have presented a valid defense without defendant's testimony, by cross-examining the victim regarding defendant's history of borrowing the shotgun and producing other witnesses to show that defendant had borrowed the shotgun multiple times in the past. At the evidentiary hearing, however, defendant admitted that the victim had previously testified that defendant did not have permission to take the shotgun in September 2000. Merely showing that defendant had borrowed the shotgun on other occasions would not have established a successful defense. As the trial court found, if defendant did testify, he would have had to testify in a narrative fashion and it is unclear what would have happened at trial. Moreover, trial counsel testified that he believed that he would have informed defendant that he had the option to go to trial and, if the jury believed that he intended only to borrow the shotgun, then he could be acquitted of the charges. Accordingly, trial counsel understood that lack of intent to steal was a valid defense and he provided competent advice. Given defendant's admission that he intended to steal the shotgun, trial counsel's advice to plead guilty was not objectively unreasonable. Therefore, the trial court did not err by denying defendant's claim that counsel was ineffective, and the court did not abuse its discretion by denying defendant's motion to withdraw his plea.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering